Cheek brought an action in the county of Claibourne against Evans upon a writing under seal, whereby Evans agreed to pay Cheek fifty dollars "as soon as he shall comply with the terms of an article of agreement, entered into by us this day, respecting the arbitration of differences as to the lands about Bristo's bend and on Clinch River, dated the 21st February, 1810." Now, in the first place, what are the merits of this case? Cheek was to comply with all which was required of him, by the articles referred to. These state a submission, the matters submitted, the names of the arbitrators, the time within which the award shall be made, and an agreement to perform the award when made. The meaning of the contract is that he shall not defeat the submission, and shall perform the award. If prevented from performance by the defendant, being *Page 43 
ready will be equivalent to it. 5 Bac. Ab. 337; 7 Rep. 16. What then do the pleadings exhibit? The plaintiff was ready and willing,c., says the declaration, but the defendant would not submit. Issue is joined upon his refusal to submit. In substance, that is to inquire whether the defendant hindered the making of an award, leaving all other allegations undisputed. The articles referred to in the declaration which describes them are admitted in the plea; verdict finding this issue in favor of the plaintiff may legally be the foundation of a judgment in his favor. The next question then will be, whether the jury were rightly instructed? The judge informed them that, if Evan's conduct was reasonably calculated to prevent the arbitrators from acting, they ought to find for the plaintiff, and, if they believed the arbitrators declined acting from any other cause, that they ought to find for the defendant; that by the law of England a submission by deed could be revoked by parol; that the custom of this country is for the parties to notify the arbitrators; and no instance had occurred within the recollection of the Court of an award being made after a disinclination to progress in the business had been expressed by either of the parties; that although the submission was not revoked by Evans, yet if his conduct was such as was calculated to induce delicate and reasonable arbitrators to decline acting, he, Evans, would be liable to the present action.
Custom is not a proper ground. In one quarter of the country it is one way; in another, another way. The common law received and enforced in this State must be the standard till altered by the Legislature, and, by that, a submission under seal can not be revoked but by deed. Here, indeed, it is not expressly stated that the submission was under seal; but the record shows that the plaintiff produced it in evidence on the trial. It is set forth in the record, and by that we are forced to see that it is under seal, *Page 44 
and, of course, that the defendant could not revoke but by deed; and, consequently, that he has not hindered, c. The charge then is incorrect; the judgment ought to be set aside, and a repleader granted in which the articles shall be set forth verbatim, and the issue be taken upon the revocation.